UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-61369 BLOOM

LUIS SIERRA,

    Plaintiff,

vs.

MAG OF SOUTH FLORIDA, INC.
d/b/a ANDREWS DINER,

    Defendant.
_____/

## JOINT STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

Plaintiff, LUIS SIERRA, (hereinafter referred to as "Plaintiff"), and Defendant, MAG OF SOUTH FLORIDA, INC., d/b/a ANDREWS DINER, (hereinafter referred to as "Defendant"), by and through their undersigned counsel, hereby dismiss the above styled action with prejudice. The parties have amicably settled this matter as set forth in the attached Settlement Agreement and Release.

WHEREFORE, the parties request that this Honorable Court enter the attached Order Dismissing this action with prejudice, and grant such further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I certify that on September 20, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF and via email.

CASE NO.: 16-cv-61369 BLOOM

| | |
|---|---|
| **J & M ADVOCACY GROUP, LLC** | **TED P. GALATIS, JR., P.A.** |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| Presidential Circle | 1501 NE 4th Ave. |
| 4000 Hollywood Blvd, Ste. 435 S | Fort Lauderdale, FL 33304 |
| Hollywood, FL 33021 | Telephone: (954) 522-6700, Ext. 16 |
| Telephone: (954) 962-1166 | |
| | |
| ___/s/ Mark D. Cohen_____ | _/s/ Ted Galatis, Jr., Esq._____ |
| MARK D. COHEN, ESQ. | TED P. GALATIS, JR., ESQ. |
| Bar No. 347345 | Bar No. 379778 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 16-61369-CIV-Bloom

LUIS SIERRA,

        Plaintiff,

vs.

MAG OF SOUTH FLORIDA, INC.
d/b/a ANDREWS DINER,

        Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY stipulated and agreed by and between Plaintiff, LUIS SIERRA (hereinafter referred to as "Plaintiff"), and Defendant, MAG OF SOUTH FLORIDA, INC. d/b/a ANDREWS DINER (hereinafter referred to as "Defendant"), as follows:

**WHEREAS**, Plaintiff filed the above styled action against Defendant for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12182, et seq. ("ADA"), pursuant to which Plaintiff seeks injunctive relief and attorneys' and expert's fees, expenses and costs;

**WHEREAS**, the Parties have agreed to a settlement of the above-styled action as more particularly set forth in this Agreement; and the Parties desire to avoid further expense, time, effort and uncertainty in regard to the above-styled action;

**NOW, THEREFORE**, in consideration of the mutual covenants and undertakings contained herein, and other good and valuable consideration, the Parties agree to the following terms and conditions as full and complete settlement of the above-styled action:

    1.    **Full Compliance.** Defendant made all of the modifications necessary to remove all the violations as alleged in paragraph 17 of Plaintiff's Complaint at the property which is located at 2980 North Andrews Avenue, Wilton Manors, FL 33311 (the "Property").

2. **Release.**  In exchange for the good and valuable consideration set forth herein the sufficiency of which is hereby acknowledged, the parties hereto mutually release each other, or through their corporate capacity, agents, employees, family members, partners, successors, assigns, and heirs, along with anyone claiming by or through them, jointly and severally (collectively the "Releasing Parties") hereby release, acquit, satisfy and discharge the other, to the extent and exclusively as to the subject facility only and along with any and all of their predecessors, agents, employees, assigns, heirs, officers, directors, shareholders, members, affiliated entities, and any entity or person related to them, jointly and severally, (hereinafter the "Released Parties") from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind which the Releasing Parties may have, may have had, or may hereafter raise against the Released Parties with respect to the Property and this subject litigation arising under Title III of the ADA, including all claims by the Releasing Parties for attorneys' fees and costs, expert fees, litigation expenses, or any other amount, fee, and/or cost.



2

3. **Attorneys' Fees, Costs and Expenses.**

Plaintiff and Defendant agree that each party will bear their own attorney's fees, costs and expenses.

4. **Confidentiality.** The Parties warrant that all the provisions of this Agreement will remain in strict confidence, except where disclosure is required by applicable law, court order or subpoena compelling disclosure. The Parties agree to refrain from making any statements about the above styled action, the allegations contained therein, or this Agreement.



3

5. **Invalidation.** If any provision of this Agreement is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

6. **Drafting.** The Parties acknowledge that Plaintiff and Defendant were able to draft, review and revise this Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed against any of the Parties in the interpretation of this Agreement.

7. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein. Any agreement to amend or modify the terms and conditions of this Agreement must be in writing and executed by the Parties hereto.

8. **Non-Admission of Liability.** Neither this Agreement nor anything contained herein shall constitute or is to be construed as an admission by Defendant, the Released Parties, or by any officials, contractors or agents of Defendant or the Released Party of a violation of any federal, state or local statute, any state or municipal fire safety or building code, or as evidence of any other liability, wrongdoing, or unlawful conduct. The Parties acknowledge that this Agreement has been entered into by the Parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

9. **Dismissal.** Within five (5) business days of the date this agreement is fully executed, Plaintiff shall file a Motion to Approve this Settlement Agreement and the Parties further agree that this Settlement Agreement shall be attached to the Motion to Approve Settlement.

4

10. **Governing Law.**  This Agreement shall be governed by and construed in accordance with the laws of the State of Florida and, where applicable, the ADA without regard to principles of conflicts of law and any suit arising as a result of a breach of this Agreement shall be filed in the Federal Court for the United States, Southern District of Florida.

11. **Counterparts.**  The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.

IN WITNESS WHEREOF, The Parties hereto execute this Agreement.

By:_____  Date:_____
LUIS SIERRA
PLAINTIFF

By: *E. Karahalis* (signature)  Date: 9-12-16

   Print Title/Name of Representative
for MAG of SOUTH FLORIDA, INC
d/b/a ANDREWS DINER

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida and, where applicable, the ADA without regard to principles of conflicts of law and any suit arising as a result of a breach of this Agreement shall be filed in the Federal Court for the United States, Southern District of Florida.

11. **Counterparts.** The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.

IN WITNESS WHEREOF, The Parties hereto execute this Agreement.

By: *Luis L. Sierra*      Date: 9/12/16
LUIS SIERRA
PLAINTIFF

By: _____      Date: _____
   Print Title/Name of Representative
for MAG of SOUTH FLORIDA, INC
d/b/a ANDREWS DINER

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:16-cv-61369-BB

LUIS SIERRA,

    Plaintiff,
vs.

MAG OF SOUTH FLORIDA, INC.
d/b/a ANDREWS DINER,

    Defendant.
_____/

**FINAL ORDER DISMISSING CASE**

**THIS CAUSE** came before the Court on the Stipulation For Dismissal of the Case by the parties, and the Court having reviewed the pleadings and papers filed in this cause, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED that:**

1. The above-styled cause be and the same is hereby **DISMISSED** with prejudice, with the Court retaining jurisdiction over this matter for the purpose of enforcement of the Settlement Agreement.

2. To the extent not otherwise disposed of herein, all pending motions are hereby DENIED or moot and the case is closed.

DONE AND ORDERED in Chambers at Miami, Florida this _____ day of September, 2016.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE